## Case No. 1,915.

### BROCKET v. JOHNS.

[1 Cranch, C. C. 100.][1]

Circuit Court, District of Columbia. Nov. Term, 1802.

LANDLORD AND TENANT—RENT—LANDLORD'S LIEN—ATTACHMENT.

Under the statute of Virginia, goods not upon the premises may be attached to secure rent not due.

At law. Attachment to secure rent not due, was levied on goods not upon the demised premises.

Mr. Youngs moved to quash the attachment, contending that the law only meant to give the same remedy before as after the rent became due, and that nothing could be attached unless on the premises.

But THE COURT overruled the motion to quash. The act does not confine the attachment to goods on the premises. The object of the law is to compel the tenant to give security for his rent, and it is of no importance what property is seized to produce that effect. (KILTY, Chief Judge, contra.)

---

BROCKETT (ALEXANDRIA v.). See Cases Nos. 181 and 182.

---

## Case No. 1,916.

### BROCKETT v. HAMMOND.

[2 Cranch, C. C. 56.][1]

Circuit Court, District of Columbia. July Term, 1812.

PLEADING—DECLARATIONS—INDEBITATUS ASSUMPSIT.

If there be a special agreement, not under seal, and the plaintiff has executed it on his part exactly according to its terms, he may recover the contract price in an action of indebitatus assumpsit for work and labor done, and materials furnished, without a special count upon the written agreement.

At law. Indebitatus assumpsit and quantum meruit for work and labor done, and materials furnished.

The defendant proved a special agreement in writing, not under seal.

The plaintiff offered to prove that he did the work, &c., exactly according to the agreement, and that the price stated in the general indebitatus assumpsit was the contract price.

Mr. Taylor, for the defendant, objected that the plaintiff could not recover upon the general count.

But the COURT (THRUSTON, Circuit Judge, absent) overruled the objection.

NOTE [from original report]. See 1 Chit. Pl. 340; Gordon v. Martin, Fitzg. 302; Alcorn v. Westbrook, 1 Wils. 117; Bull. N. P. 139; Giles v. Edwards, 7 Term R. 181; Mussen v. Price,

[1] [Reported by Hon. William Cranch, Chief Judge.]

4 East, 147; Atty v. Parish, 1 Bos. & P. (N. S.) 104; Cooke v. Munstone, Id. 351; Clarke v. Gray, 6 East, 569; Brooke v. White, 1 Bos. & P. (N. S.) 331; Bank of Columbia v. Patterson (Feb. Term, 1813) 7 Cranch [11 U. S.] 299.

---

BROCKETT (UNITED STATES v.). See Case No. 14,651.

BROCKIUS (UNITED STATES v.). See Case No. 14,652.

---

## Case No. 1,917.

### In re BROCKWAY.

[6 Ben. 326;[1] 7 N. B. R. 595.]

District Court, S. D. New York. Jan. 29, 1873.

EVIDENCE—DOCUMENTS—PROPER BOOKS OF ACCOUNT—CHECK.

On an examination of a bankrupt, under specifications in opposition to his discharge, the question was whether the bankrupt had kept proper books of account. The opposing creditor had offered in evidence the stump of a check in a check book. The bankrupt offered the check itself in evidence, which was objected to. *Held*, that the check was admissible in evidence.

In bankruptcy.

[By I. T. Williams, Register:]

[2] [I, the undersigned register in charge of the above entitled matter, do hereby certify to the judge of the said district, that in the course of the proceedings in this matter before me, to wit: while taking testimony in support of specifications in opposition to the discharge of the said bankrupt [William E. Brockway], filed by Edward Tracy, one of the creditors of said bankrupt, which said specifications charged, among other things, that the said bankrupt, being a merchant or tradesman, had not, subsequently to the passage of the bankrupt act, kept proper books of account. Counsel for the creditor opens the check book of the bankrupt to the stump of check numbered 863, as an instance of improper bookkeeping. The stump has on it the following words and figures: "Paid 1587 76," and nothing more. The counsel for the bankrupt on the cross-examination of the witness, who is an expert in bookkeeping, produces a cancelled check drawn by the bankrupt in the usual form, numbered 863, bearing date Nov. 30, 1869, payable to the order of Foster & Bros., for the sum of one thousand five hundred and eighty-seven dollars and seventy-six cents, which was apparently torn off from said stump, and offers the same in evidence as supplementing or supplying the omission upon the stump of said check book.

[The counsel for the creditor objects, that such check is no part of the books of the said bankrupt, and that the production thereof does not tend to prove that the said books have been properly kept—that the defect in

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[2] [From 7 N. B. R. 595.]